**SCOTT A. PORTNER, ESQUIRE**
Identification No. 85314
FREEDMAN & LORRY, P.C.
1601 Market Street, Suite 1500
Philadelphia, PA  19103
(215) 925-8400                                    Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

KENNEDI GREENE                    :
813 N. Camac Street               :     CIVIL ACTION
Philadelphia, PA  19123           :
            Plaintiff,        :     NO.
                  :
   vs.                            :
                  :
TRIPLE CANOPY, INC, a Virginia    :
Corporation                       :
2250 Corporate Park Dr. Suite 300 :
Herndon, VA 20171                 :
            Defendant        :

**COMPLAINT
JURY TRIAL DEMANDED**

     1.     Plaintiff Kennedi Green is a citizen and resident of the Commonwealth of

Pennsylvania, residing at 813 N. Camac Street, Philadelphia, PA  19123.

     2.     Defendant Triple Canopy, Inc. is a corporation or similar entity with a corporate

address located at 12018 Sunrise Valley Drive, Suite 140; Reston, Virginia 20191, and at

all times pertinent to this Complaint, was a private security company contracted by the

United States Department of Homeland Security that provided security services to

Philadelphia  Social Security Office located at 1500 JFK Boulevard, Suite 2000 A,

Philadelphia, PA 19102.

3.      The jurisdiction of this Court is invoked under 28 U.S.C. Section 1332, there being diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, being in excess of Seventy-Five Thousand Dollars ($75,000.00).

4.      Venue is appropriate in this Court since a substantial part of the events giving rise to the claim occurred in this Judicial District.

5.      On or about January 16, 2020 at approximately 10:30 a.m. the Plaintiff, Kennedi Greene, entered the Social Security Office located at 1500 John F. Kennedy Boulevard, 2000A, Philadelphia, PA 19102, in order to obtain a duplicate of her social security card.

6.      At the above time and place, an employee of Defendant, advised the Plaintiff she could not enter the office with the contents contained in her handbag.

7.      Upon information and belief, the Plaintiff complied with the Defendant's employee, agent, servant, workman and/or employee's request and placed the contents of her handbag into a trash can in the lobby of the building at the above location.

8.      Upon information and belief, the Plaintiff attempted to re-enter the Social Security office and was not permitted entry and a verbal altercation ensued.

9.      Immediately thereafter, Plaintiff was violently attacked by Defendant's agents, servant, workman and/or employees of Defendant causing her to sustain serious and permanent injuries more fully described below.

10.     The aforesaid incident was caused solely by the negligence of the Defendant, through its agents, servants, workmen and/or employees and was not due to any act or failure to act on the part of the Plaintiff.

## COUNT I -NEGLIGENCE
## KENNEDI GREENE v. TRIPLE
## CANOPY, INC.

11.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

12.     At the time of the aforesaid collision, the carelessness and negligence of the Defendant, Triple Canopy, Inc., consisted of the following:

      a.    Failing to properly train their security guards;

      b.    Negligent hiring and retention of Defendants agents, servants, workmen and/or employees when they knew, or in the exercise of reasonable care, should have known that they were a risk of harm to members of the public;

      b.    Allowing their employees to utilize physical restrains without proper training;

      c.    Failing to exercise due care and caution under the circumstances, particularly by permitting their employees to detain, tackle and injure the Plaintiff;

      d.    Vicarious liability/respondeat superior liability for the actions of their employees, while acting within the course and scope of his employment; and

      e.    Negligently placing their hands upon the Plaintiff.

13.   As a direct and proximate result of the aforementioned incident, Plaintiff sustain multiple injuries, including, but not limited to:  bifrontal epidural hematoma and skull fracture with brain compression and related neurological and psychological injuries; forced to undergo a bifrontal craniotomy and repair of skull fracture, and has permanent scarring.

14.     As a direct and proximate result of the aforementioned incident, Plaintiff suffered and underwent great pain and was prevented from performing her normal daily activities.

15.     As a direct and proximate result of the aforementioned incident, Plaintiff has been

compelled, and in the future will be compelled, to expend various sums of money for medicines and medical attention attempting to alleviate the aforesaid injuries, all to her great detriment and loss.

WHEREFORE, Plaintiff, Kennedi Green claims damages of the Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) together with punitive damages, attorneys costs, fees and any other such relief this court deems just and equitable.

### COUNT II -ASSAULT & BATTERY
### KENNEDI GREENE v. TRIPLE CANOPY, INC.

16.    Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

17.    As a result of the assault and battery committed by Defendant's agents, servants, workmen and/or employees, Plaintiff was caused to sustain multiple injuries, including, but not limited to:  bifrontal epidural hematoma and skull fracture with brain compression and related neurological and psychological injuries; forced to undergo a bifrontal craniotomy and repair of skull fracture, and has permanent scarring.

18.    Further as a result of the assault and battery by Defendant's agents, servants, workmen and/or employees, Plaintiff suffered and underwent great pain and was prevented from performing her normal daily activities.

19.    As a result of the assault and battery by Defendant's agents, servants, workmen and/or employees, Plaintiff has been compelled, and in the future will be compelled, to expend various sums of money for medicines and medical attention attempting to alleviate the aforesaid injuries, all to her great detriment and loss.

WHEREFORE, Plaintiff, Kennedi Green claims damages of the Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) together with punitive damages, attorneys costs, fees and any other such relief this court deems just and equitable.

### COUNT III -PUNITIVE DAMAGES
KENNEDI GREENE v. TRIPLE
CANOPY, INC.

20.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

21.     At all times relevant and material hereto, Defendant, by and through its agents, servants, workmen and/or employees, attacked Plaintiff in a wanton, reckless manner with an absolute disregard for the health, safety and welfare of Plaintiff and with malicious intent to serious injury the Plaintiff in that she was violently attacked in a manner resulting in severe debilitating personal injuries to her skull including bifrontal epidural hematoma and skull fracture with brain compression and related neurological and psychological injuries; forced to undergo a bifrontal craniotomy and repair of skull fracture, and has permanent scarring.

22.     The aforesaid conduct was outrageous, as Defendant through its agents, servants, workmen and/or employees,  in physically attacking Plaintiff, were done with reckless indifference to the rights, health, safety and welfare of Plaintiff and with malicious intent to seriously injure Plaintiff, so as to provide the necessary state of mind to justify punitive damages.

23.     The aforesaid acts of Defendant, through its agents, servants, workmen and/or employees, were tortious and intentionally done as acts of unreasonable character and disregard of a risk of serious injury know to them and/or so obvious that they must be taken to have been aware of them and so great as to make it highly probably that harm would follow.

24.     Defendant, through its agents, servants, workmen and/or employees, by reason of the aforementioned conduct, did act unreasonably, outrageously, deliberately, intentionally, willfully,

wantonly, knowingly, grossly, carelessly, and in capricious disregard of the rights and interests of Plaintiff.

25. Defendant, through its agents, servants, workmen and/or employees', conduct as aforementioned warrants the imposition of punitive damages.

WHEREFORE, Plaintiff, Kennedi Green claims damages of the Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) together with punitive damages, attorneys costs, fees and any other such relief this court deems just and equitable.

**FREEDMAN & LORRY, P.C.**

/s/ *Scott A. Portner, Esquire*

BY: _____
        SCOTT A. PORTNER, ESQUIRE
        Attorney for Plaintiff
        Identification No. 85314
        1601 Market Street, Suite 1500
        Philadelphia, PA  19103
        (215) 925-8400
        sportner@freedmanlorry.com

        January 15, 2021
Date: _____